| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
| | Scott Vick  (No. 171944) |
| 2 | The Water Garden |
| | Fourth Floor, North Tower |
| 3 | 1620 26th Street |
| | Santa Monica, California  90404-4060 |
| 4 | Telephone:  310.907.1000 |
| | Facsimile:  310.907.2000 |
| 5 | scott.vick@bingham.com |
| 6 | BINGHAM MCCUTCHEN LLP |
| | Adrienne L. Taclas  (No. 211232) |
| 7 | Three Embarcadero Center |
| | San Francisco, California 94111-4067 |
| 8 | Telephone:  415.393.2000 |
| | Facsimile:  415.393.2286 |
| 9 | adrienne.taclas@bingham.com |

Attorneys for Defendant
ARTHUR ANDERSEN LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILDES, Individually and as Trustee of THE DAVID AND KATHLEEN HILDES 1999 CHARITABLE REMAINDER UNITRUST DATED JUNE 25, 1999,<br><br>   Plaintiff,<br><br>   v.<br><br>ARTHUR ANDERSEN LLP; THOMAS G. WATROUS, SR.; DOUGLAS S. POWANDA; and JOHN DOE as the Executor of the ESTATE OF DAVID A. FARLEY,<br><br>   Defendants. | No. 08-CV0008-BEN (RBB)<br><br>**ARTHUR ANDERSEN LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTS II, III AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  March 3, 2008<br>Time:  10:30 a.m.<br>Courtroom:  3 |

**REQUEST FOR JUDICIAL NOTICE**

This Court may take judicial notice of facts not subject to reasonable dispute that are "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201(b). Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Arthur Andersen LLP ("Andersen"), respectfully requests the Court to take judicial notice of the following facts in support of its Motion to Dismiss Plaintiff's First Amended Complaint (the "Complaint"):

**DOCUMENTS PUBLICLY FILED
WITH THE SECURITIES AND EXCHANGE COMMISSION**

1. **Harbinger Form SC 13D - The Merger Agreement**. Andersen requests that the Court take judicial notice of Harbinger Corporation's ("Harbinger") Form SC 13D containing the Agreement and Plan of Merger and Reorganization (the "Merger Agreement") between it and Peregrine Systems, Inc. ("Peregrine"), filed with the Securities and Exchange Commission ("SEC") on April 14, 2000. The claims asserted by Plaintiff against Andersen in the Complaint are based upon alleged misrepresentations and omissions made in connection with the Merger. (Compl. ¶ 67). This Court can take judicial notice of documents upon which Plaintiffs' claim is based, and upon which he necessarily relies. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (stating that the court may consider SEC filings relied upon in the complaint); *Dreiling v. American Exp. Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (finding court "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"). Further, it is well established that courts may take judicial notice of a fact that a company made a statement in an SEC filing. *See DeMarco v. DepoTech Corp.*, 149 F.Supp. 2d 1212, 1218 (S.D. Cal. 2001) (taking judicial notice of Form 10-K, Form S-1 Registration Statement, and Form 4 filed with the SEC); *In re Calpine Corp. Sec. Litig.*, 288 F.Supp. 2d 1054, 1076 (N.D. Cal. 2003). A true and correct copy of the Form SC 13D Filing containing the Merger Agreement is attached to the Declaration of Scott Vick ("Vick Decl.") as Exhibit A.

2. **The Voting Agreement**. For the reasons set forth above, Andersen

1

ARTHUR ANDERSEN LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS COUNTS II, III AND V OF PLAINTIFF'S COMPLAINT  08-CV0008-BEN (RBB)

requests that the Court take judicial notice of the Form of Company Voting Agreement and Irrevocable Proxy ("Voting Agreement") attached as Exhibit 2 to the Merger Agreement, filed with the SEC on April 14, 2000. A true and correct copy of the Voting Agreement is attached to the Vick Decl. as Exhibit B.

   3.   **Harbinger Form 14A.** For the reasons set forth above, Andersen requests that the Court take judicial notice of Harbinger's Form 14A, filed with the SEC on March 30, 2000. A true and correct copy of the Harbinger Form 14A is attached to the Vick Decl. as Exhibit C.

   4.   **Peregrine Form S-4/A.** For the reasons set forth above, Andersen requests that the Court take judicial notice of the Registration Statement on Form S-4/A filed by Peregrine with the SEC on May 22, 2000. A true and correct copy of Peregrine's Form S-4/A is attached to the Vick Decl. as Exhibit H.

## COMPLAINT AND COURT ORDERS FROM
## RELATED SECURITIES CLASS ACTION LITIGATION

   5.   **First Amended Consolidated Class Action Complaint.** Andersen requests that the Court take judicial notice of the First Amended Consolidated Complaint for Violations of the Federal Securities Laws, filed on April 5, 2004 in the related *In Re Peregrine Systems, Inc. Securities Litigation*. This case has been transferred to this Court because of its relation to the *In Re Peregrine* securities litigation. Courts may take judicial notice of pleadings, orders, and other papers on file in an underlying case. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (holding that district court properly took judicial notice of district and appellate court proceedings in deciding motion to dismiss); *Mullis v. United States Bankruptcy Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). A true and correct copy of the First Amended Consolidated Complaint is attached to the Vick Decl. as Exhibit D.

   6.   **Order of Dismissal.** Andersen requests that the Court take judicial notice of the November 21, 2003 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss ("First Order of Dismissal") in the related *In Re Peregrine Systems, Inc. Securities Litigation*. A true and correct copy of the First Order of Dismissal is attached to the Vick Decl.

1   as Exhibit E.

2          7.    **Order of Dismissal.** Andersen requests that the Court take judicial notice

3   of the March 30, 2005 Order Granting in Part and Denying in Part Defendants' Motions to

4   Dismiss ("Second Order of Dismissal") in the related *In Re Peregrine Systems, Inc. Securities*

5   *Litigation*. A true and correct copy of the Second Order of Dismissal is attached to the Vick

6   Decl. as Exhibit F.

7

8   DATED: January 25, 2008                BINGHAM McCUTCHEN LLP

9

10                                          By:   /s/ Scott Vick

11                                          Attorneys for Defendant
12                                          ARTHUR ANDERSEN LLP
                                        E-mail: scott.vick@bingham.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

ARTHUR ANDERSEN LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS COUNTS II, III AND V OF PLAINTIFF'S COMPLAINT  08-CV0008-BEN (RBB)