1 | BINGHAM MCCUTCHEN LLP
Scott Vick  (No. 171944)
2 | The Water Garden
Fourth Floor, North Tower
3 | 1620 26th Street
Santa Monica, California  90404-4060
4 | Telephone:  310.907.1000
Facsimile:  310.907.2000
5 | scott.vick@bingham.com

6 | BINGHAM MCCUTCHEN LLP
Adrienne L. Taclas  (No. 211232)
7 | Three Embarcadero Center
San Francisco, California 94111-4067
8 | Telephone:  415.393.2000
Facsimile:  415.393.2286
9 | adrienne.taclas@bingham.com

10

Attorneys for Defendant
11 | ARTHUR ANDERSEN LLP

12
UNITED STATES DISTRICT COURT
13
SOUTHERN DISTRICT OF CALIFORNIA
14

15

16 | DAVID HILDES, Individually and as Trustee of THE DAVID AND KATHLEEN HILDES 1999 CHARITABLE REMAINDER UNITRUST DATED JUNE 25, 1999,

17

18 | Plaintiff,

19 | v.

20 | ARTHUR ANDERSEN LLP; THOMAS G. WATROUS, SR.; DOUGLAS S. POWANDA; and JOHN DOE as the Executor of the ESTATE OF DAVID A. FARLEY,

21

22 | Defendants.

No. 08-CV0008-BEN (RBB)

**ARTHUR ANDERSEN LLP'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING PENDING RESOLUTION OF APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:  March 3, 2008
Time:  10:30 a.m.
Courtroom:  3

23

24

25

26

27

28

---

ARTHUR ANDERSEN LLP'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING PENDING RESOLUTION OF APPEAL 08-CV0008-BEN (RBB)

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Arthur Andersen LLP ("Andersen") will and hereby does move this Court for an order staying this action until claims on appeal in the related *In Re Peregrine Systems, Inc. Securities Litigation* ("*In Re Peregrine*") federal class action litigation have been resolved, and the existing stay of *In Re Peregrine* has been lifted. This Motion shall be brought for hearing before the Honorable Roger T. Benitez, Courtroom 3, United States District Court, Southern District of California, on March 3, 2008 at 10:30 a.m.

Andersen's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the argument of counsel, and on all other pleadings and papers of record in this matter.

DATED:  January 25, 2008          BINGHAM McCUTCHEN LLP


By:   /s/  Scott Vick
     Attorneys for Defendant
     ARTHUR ANDERSEN LLP
     E-mail: scott.vick@bingham.com

---

1

ARTHUR ANDERSEN LLP'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING PENDING
RESOLUTION OF APPEAL  08-CV0008-BEN (RBB)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In November 2006, Defendant Arthur Andersen LLP ("Andersen") settled, among other things, the claims pending against Andersen in the federal securities class action lawsuit entitled *In Re Peregrine Systems, Inc. Securities Litigation* ("*In Re Peregrine*"). Shortly thereafter, a member of the settling class, David Hildes, whom opted-out of Andersen's settlement of the *In Re Peregrine* action, filed his own individual federal securities lawsuit against Andersen arising from Andersen's audits and reviews of the financial statements of Peregrine Systems, Inc. ("Peregrine"). Hildes initially filed this lawsuit in New Jersey District Court, but it recently was transferred to this Court by the Multidistrict Litigation Panel.

Because Hildes opted out of the *In Re Peregrine* settlement with Andersen, it is not surprising that Hildes' allegations against Andersen are lifted directly from Lead Plaintiffs' complaint against Andersen in the *In Re Peregrine* action. In this action, Hildes asserts against Andersen the very same Section 10(b) claim asserted by Lead Plaintiffs in *In Re Peregrine* (which were twice dismissed) and a Section 11 claim (which was not dismissed).

The *In Re Peregrine* action has been stayed for approximately two years (since January 17, 2006) pending resolution of Lead Plaintiffs' appeal to the Ninth Circuit of this Court's dismissal of various claims against other defendants. In a concurrently filed motion, Andersen requests that all of Hildes' claims against Andersen be dismissed. If any of Hildes' claims against Andersen are allowed to proceed, Andersen respectfully requests that this Court stay the Hildes action pending resolution of the Ninth Circuit appeal in *In Re Peregrine*. Andersen expects that the Ninth Circuit appeal will be resolved in the relatively near future.

It is beyond dispute that the much of the discovery relating to Hildes' opt-out lawsuit would overlap with discovery in *In Re Peregrine*. It would be enormously inefficient, costly, and wasteful to embark on piecemeal discovery in this action while the federal class action remains stayed. Without a stay, much of the discovery related to Peregrine's financial statements may have to be conducted twice. By staying this opt-out action until the stay is lifted

in the related class action, the potential for duplicative discovery would be avoided.

## II.     PROCEDURAL BACKGROUND

### A.     Plaintiff Hildes Opted Out Of The Settlement Of The Related *In Re Peregrine* Class Action Litigation

Plaintiff Hildes was a member of the class of plaintiffs represented by Lead Plaintiffs in the *In Re Peregrine* federal securities class action litigation, until he opted out of that class. By Stipulation and Agreement of Settlement dated June 5, 2006, class action plaintiffs and Andersen entered into a settlement of the *In Re Peregrine* class action. Plaintiff Hildes filed a statement regarding the Andersen Settlement, indicating that he intended to pursue his own action against the settling as well as non-settling defendants in two separate lawsuits. *See* Docket No. 741.[1] In November 2006, this Court held a hearing to consider whether to approve the Settlement, and granted judgment dismissing the class action against Andersen. *See* Docket No. 762. Plaintiff Hildes timely requested to be excluded from the Settlement between class action plaintiffs and Andersen. *See id.*, Exhibit 1 ("Excluded Andersen Settlement Class Members"). He then filed this lawsuit in the United States District Court for the District of New Jersey, which the Multidistrict Litigation Panel recently transferred to this Court pursuant to 28 U.S.C. § 1407.

Plaintiff Hildes' claims are based on the same underlying facts and transactions as the allegations in the *In Re Peregrine* litigation. Both litigations involve alleged financial fraud at Peregrine and alleged misstatements contained in Peregrine's Registration Statement. Indeed, Plaintiff Hildes stipulated to transfer this matter to this Court for coordinated pretrial proceedings with the *In Re Peregrine* litigation because of the factual similarities between the two cases.

For example, just like Count VI in the first amended consolidated class action complaint in *In Re Peregrine*, opt-out Plaintiff Hildes (a former Harbinger Corporation ("Harbinger") director) alleges that he suffered damages when he exchanged his Harbinger

---

[1]     All docket numbers refer to filings in the related *In Re Peregrine* class action, Case No. 02-CV0870-BEN (RBB).

common stock for Peregrine common stock in connection with the merger between the two companies, which he oversaw. *See* First Amended Complaint ("FAC") at ¶ 14. However, the Harbinger-Peregrine merger resulted in a massive write-down of acquisition costs and related charges of over $918 million in fiscal year 2001, attributable primarily to Peregrine's acquisition of Harbinger.

### B. This Court Stayed *In Re Peregrine* Class Action Litigation Pending Resolution Of Certain Claims On Appeal

On January 17, 2006, pursuant to Rule 54(b), this Court granted final judgment dismissing certain (and in some cases all) claims against certain defendants in the *In Re Peregrine* litigation. *See* Docket No. 716 (Order Granting Final Judgment Under Rule 54(b) and Staying Action Pending Resolution of Appeal). Specifically, the Court dismissed with prejudice claims under Section 10(b) and Rule 10b-5 of the 1934 Securities Exchange Act (collectively "Section 10(b)") against Defendants KPMG LLP, Bearingpoint, Inc., and Larry Rodda (the "KPMG Defendants"). The Court found that the KPMG Defendants were alleged aiders and abetters, and thus were not subject to liability under Section 10(b). *See id.* at 2. The Court also held that class action plaintiffs: (1) failed to state a Section 10(b) claim against certain other defendants; and (2) failed to state a claim for control person liability under Section 20(a) against certain defendants. Class action plaintiffs moved for entry of judgment under Rule 54(b) as to the above claims so they could appeal the Court's dismissal orders. This Court granted the request for Rule 54(b) certification, and held that certifying these discrete issues for appeal would streamline the class action litigation. *See id.* at 8.

On January 17, 2006, this Court also stayed the entire proceedings in the *In Re Peregrine* class action pending resolution of the dismissed claims on appeal. *See id.* The Court reasoned that staying the action would lessen any prejudice and delay resulting from the appeal of the dismissed claims, because: "[i]f the Court's rulings on the dismissed claims are reversed, the dismissed claims will have to be incorporated to an already ongoing process. Moreover . . . it makes no sense to have multiple trials . . . . If the dismissed claims are reinstated on appeal, they will be litigated with the remaining claims at the same time. This would allow the Court and

4

parties to avoid significant duplication of pre-trial efforts . . . ." *Id.* at 8-9.

### III.   THIS COURT SHOULD STAY PROCEEDINGS IN THIS MATTER

District Courts have the authority to stay proceedings where it is efficient for its own docket and the fairest course for the parties. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *see also Doe v. University of California*, 1993 WL 361540 at *2 (N.D. Cal. 1993) ("[i]f a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so."). A trial court possesses the inherent power to stay proceedings to control its own docket and the disposition of the case for the benefit of itself, counsel, and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *accord Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979). As this Court has previously recognized, a trial court may stay an action pending resolution of independent proceedings that bear upon the case. *See* Docket No. 716 (Order Granting Final Judgment Under Rule 54(b) and Staying Action Pending Resolution of Appeal), at 8.

Just as a stay was warranted in the *In Re Peregrine* action, it is warranted here. First, a stay will conserve judicial resources. It makes little sense to permit this opt-out litigation to proceed while the related federal class action is stayed, and before resolution of the claims on appeal. As this Court has noted "no discovery has even begun" in the related class action. *See id.* at 8. Allowing discovery to proceed in this litigation could cause significant duplication of pre-trial efforts. For example, depositions of Peregrine insiders relevant to the *Hildes* litigation would be equally relevant to the class action. In addition, Plaintiff Hildes has stated that he intends to pursue his own action against the non-settling defendants (those defendants that remain in the class action litigation). *See* Docket No. 741. It would be incredibly inefficient to permit Hildes to embark on discovery in this opt-out suit, and then duplicate the same discovery when he brings suit against the non-settling defendants *for the same alleged wrongs*. In addition, if discovery in this opt-out suit were to proceed first, parties to the class action would not be able to participate, which would certainly cause most individuals to be deposed twice. Moreover,

5

1 during the time the *In Re Peregrine* litigation is stayed and awaiting a ruling from the Ninth
2 Circuit, this Court may well be forced to address Andersen's dismissal motion, and resolve
3 potential discovery issues. If discovery were to proceed in this action, there would likely be
4 constant disputes among all interested parties -- including parties to the *In Re Peregirne* class
5 action -- regarding the proper scope of that discovery. Addressing the dismissal and discovery
6 battles would consume considerable judicial resources. A stay would better ensure uniform
7 decisions on pretrial matters in this litigation. Thus, a stay would further the interests of judicial
8 economy and efficiency. *See, e.g., Mediterranean Enterprises, Inc*, 708 F.2d at 1465.
9           Second, a stay would not prejudice the parties. There will be no prejudice to
10 Plaintiff Hildes because he cannot begin discovery against all defendants he intends to pursue at
11 this time even absent a stay. In addition, a stay of the *Hildes* matter will not result in any delay
12 in the trial of Plaintiff's claims because his claims against the non-settling defendants, based on
13 the same underlying facts, would need to be tried together with his claims in this matter. Even if
14 there were any prejudice, the slight prejudice to Plaintiff does not outweigh the judicial economy
15 interests described above and the potential prejudice to Andersen and the parties to the class
16 action.
17           Regardless, any delay is likely to be relatively short. The Ninth Circuit heard the
18 issues on appeal in the *In Re Peregrine* class action litigation on November 6, 2007, and
19 thereafter issued an order seeking additional briefing from the parties regarding the impact, if
20 any, of the ruling of the United States Supreme Court in *Stoneridge Investment Partners LLC v.*
21 *Scientific-Atlanta Inc* (*Stoneridge*). The Supreme Court issued its decision in *Stoneridge* on
22 January 15, 2008 (-- S.Ct. --, No. 06-43, 2008 WL 123801), in which it rejected the imposition of
23 "scheme liability" in private securities fraud litigation and ruled that investors cannot state a
24 claim for violation of Section 10(b) unless they relied on statements or representations made by
25 the defendant. Now that the *Stoneridge* decision has issued, the Ninth Circuit can resolve the
26 issues on appeal in the *In Re Peregrine* class action -- at which time the stay of the class action
27 will be lifted. Therefore, any delay in discovery in the *Hildes* matter is likely to be limited.
28           Moreover, the prejudice to Andersen of having to embark on piecemeal, and

6

ARTHUR ANDERSEN LLP'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING PENDING
RESOLUTION OF APPEAL  08-CV0008-BEN (RBB)

1 likely duplicative, discovery is greater than the minimal delay Plaintiff will face.  In addition, *all*
2 parties will benefit from coordinated pretrial management of this opt-out litigation and the class
3 action.  Thus, the prejudice to Andersen and the other parties and convenience to the court
4 outweigh any prejudice to Plaintiff in staying this action until the stay is lifted in the related *In*
5 *Re Peregrine* class action.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Andersen's motion and stay this action until the stay is lifted in the related *In Re Peregrine* litigation.

DATED:  January 25, 2008                        BINGHAM McCUTCHEN LLP


By:   /s/  Scott Vick

Attorneys for Defendant
ARTHUR ANDERSEN LLP
E-mail: scott.vick@bingham.com