FILED

2010 JUL 19 AM 11:57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILDES, individually and as Trustee for the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR ANDERSEN; THOMAS WATROUS, SR.; DOUGLAS S. POWANDA; AND JOHN DOE as Executor of the Estate of DAVID A. FARLEY,<br><br>Defendants. | CASE NO. 08-cv-0008- BEN (RBB)<br><br>ORDER:<br><br>(1) GRANTING DEFENDANT ARTHUR ANDERSEN'S MOTION TO DISMISS COUNTS II, III AND V;<br><br>(2) GRANTING MOTION OF OUTSIDE DIRECTORS FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE; AND<br><br>(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>[Docket Nos. 2, 12, 16] |

Currently before this Court is Defendant Arthur Andersen's Motion to Dismiss Counts II, III and V of Plaintiff's First Amended Complaint ("Motion to Dismiss") [Docket No. 2] and Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend") [Docket No. 12]. Also before this Court is the Motion of Outside Directors for Leave to Intervene for Limited Purpose of Opposing Plaintiff David Hildes' Motion to Amend Complaint ("Motion to Intervene") [Docket No. 16]. For the reasons set forth below, the Motion to Dismiss and Motion to Intervene are GRANTED, and the Motion to

Amend is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

This action relates to a securities class action lawsuit against Peregrine Systems, Inc. ("Peregrine") that is also pending before this Court. The Peregrine class action involves individuals who bought or acquired stock in Peregrine between July 22, 1999 and May 3, 2002. Plaintiff is one of these individuals. Plaintiff held stock in Harbinger Corporation ("Harbinger") but then acquired Peregrine stock when Harbinger merged with Peregrine. (First Am. Compl., ¶¶ 1, 18.) The merger was completed on or around June 16, 2000. *Id.* Plaintiff does not allege he acquired Peregrine stock at any other time.

On June 5, 2006, the class action plaintiffs entered into a settlement in the Peregrine class action, which the Court later approved. Plaintiff opted out of the settlement and brought this separate action against Andersen and three individual defendants for various securities violations. The operative complaint is the First Amended Complaint filed on July 24, 2007. The First Amended Complaint asserts five causes of action: (I) Violation of Section 11 of the Securities Act (against Defendants Watrous and Farley); (II) Violation of Section 11 of the Securities Act (against Defendant Andersen); (III) Violation of Section 10(b) of the Exchange Act and Rule 10b-5 (against all Defendants); (IV) Violation of Section 14(a) of the Exchange Act and Rule 14a-9 (against Defendants Watrous and Farley); and (V) Violation of Section 14(a) of the Exchange Act and Rule 14a-9 (against Defendant Andersen).

On January 25, 2008, Defendant Andersen filed its Motion to Dismiss Counts II, III and V of Plaintiff's First Amended Complaint. These counts are the only counts asserted against Andersen. [Docket No. 2.] Plaintiff filed an opposition, and Andersen filed a reply. [Docket Nos. 11, 18.]

On December 7, 2009, in opposing the Motion to Dismiss, Plaintiff also filed a Motion for Leave to File Second Amended Complaint. [Docket No. 12.] Andersen filed an opposition, and Plaintiff filed a reply. [Docket Nos. 23, 27.] Peregrine's former directors filed a motion to intervene for the limited purpose of opposing the Motion to Amend, to which Plaintiff filed a Statement of Non-Opposition. [Docket Nos. 16, 17.]

This action was stayed for several months pending resolution of an appeal in the Peregrine

lawsuit. The stay having now been lifted, and the motions having now been fully briefed, the Court finds the motions ready for disposition on the papers, without oral argument. CivLR 7.1.d.1.

For the reasons set forth below, the Court GRANTS Defendant Andersen's motion to dismiss and GRANTS the former directors' Motion to Intervene. The Court also GRANTS IN PART AND DENIES IN PART Plaintiff's motion for leave to amend the complaint. Specifically, the Court grants Plaintiff leave to amend only to correct the deficiencies outlined below with respect to Count III; Plaintiff is denied leave to amend Counts II or V, or to add Peregrine's former directors as defendants in this action.

## MOTION TO DISMISS COUNTS II, III AND V

Defendant Andersen moves to dismiss Counts II, III and V of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). These counts are the only counts asserted against Andersen in this case.[1]

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a legally cognizable theory under which relief may be granted. *Id.* at 556.

Andersen argues Counts II and V must be dismissed because Plaintiff acquired Peregrine stock before the date of the alleged false statements and, thus, Plaintiff cannot allege he relied upon those misrepresentations. With respect to Count III, Andersen argues Plaintiff has not sufficiently pled scienter. As detailed below, the Court finds dismissal appropriate under Rule 12(b)(6).

### I. COUNT II (Section 11 Claim)

Count II is based on alleged violations of Section 11 of the Exchange Act.

To state a claim under Section 11, a plaintiff "must demonstrate (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation

---

[1] Count III is also asserted against the individual defendants; however, those defendants are not parties to the Motion to Dismiss.

was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *In re Stac. Elecs. Sec. Litig.*, 89 F.3d 1399, 1403-04 (9th Cir. 1996) (quotations and citation omitted), *cert. denied sub. nom. Andersen v. Clow*, 520 U.S. 1103 (1997). Defendants are liable for innocent or negligent material misstatements or omissions, subject to a few affirmative defenses. Andersen argues dismissal is proper because Plaintiff made a binding commitment to acquire his Peregrine stock before the date of the alleged misstatements and omissions and, therefore, cannot prove reliance.

It is well-established that reliance is generally presumed and, therefore, need not be pled. *See, e.g., Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076 (9th Cir. 1999); *In re Gap Stores Sec. Litig.*, 79 F.R.D. 283, 297 (N.D. Cal. 1978). However, where it appears from the face of the complaint that a plaintiff cannot have actually relied on the registration statement, there is some authority for the position that reliance must be proved. *See, e.g., APA Excelsior III L.P. v. Premiere Techs., Inc.*, 476 F.3d 1261, 1271 (11th Cir. 2007). As one circuit has stated, "it would be illogical to cloak Plaintiffs with a presumption of reliance [if] Plaintiffs made their investment decision and were legally committed to the transaction (and thus could not possibly have relied on the registration statement) months before the registration statement was in existence." *APA Excelsior*, 476 F.3d at 1273. Furthermore, "as a matter of common sense reasoning, the presumption should only apply to those who purchase securities at the time of or after the registration statement." *Id.* at 1274.

The Ninth Circuit has not addressed this issue, although courts sitting in the Ninth Circuit have recognized the *APA Excelsior* decision in the context of reliance under Section 11. *In re Countrywide Financial Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1162 n. 34 (C.D. Cal. 2008); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 974-78 (N.D. Cal. 2007). These courts have also recognized the relatedness of reliance to standing, materiality and causation. *See, e.g., Levi*, 527 F. Supp. 2d at 976. Other courts sitting in the Ninth Circuit have analyzed this issue not in the context of reliance, but rather in the context of causation, more specifically under the "negative causation" defense. *See, e.g., In re McKesson HBOC, Inc.*, 126 F. Supp. 2d 1248, 1260-62 (N.D. Cal. 2000) (granting motion to dismiss certain Section 11 claims on the grounds that certain plaintiffs exchanged their stock before issuance of the false registration statements and, therefore, defendants had an absolute "negative

causation" defense); *Guenther v. Cooper Life Sciences, Inc.*, 759 F. Supp. 1437, 1441 (N.D. Cal. 1990) (dismissing Section 11 claims of plaintiffs who could not trace their stock purchase to the allegedly defective registration amendment because they purchased their stock prior to its issuance). The Ninth Circuit has likewise recognized a general "negative causation" defense, also known as "loss causation" defense, to Section 11 claims. *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir. 1994); see also 15 U.S.C. § 77k(e) ("if the defendant proves that any portion or all of such damages represents other than the depreciation in value. . . resulting from such part of the registration statement, with respect to which his liability is asserted. . . such portion or all such damages shall not be recoverable."). In light of the Ninth Circuit's silence on reliance under Section 11 but recognition of the "negative causation" defense, the Court analyzes this issue under the "negative causation" defense.

The "negative causation" defense is set forth in 15 U.S.C. §77k(e) and provides that a defendant may limit its liability to the extent that plaintiff's alleged loss was not attributable to the alleged misrepresentations or omissions. Under the circumstances of this case, the "negative causation" defense turns on whether Plaintiff made a binding commitment on April 5, 2000 to exchange his Harbinger stock for Peregrine stock. According to Plaintiff, the alleged misrepresentations and omissions for purposes of Section 11 occurred on April 25, 2000. (First Am. Compl., ¶¶ 26, 126, 131, 159.) Therefore, if Plaintiff made a binding commitment on April 5, 2000 to acquire Peregrine stock, i.e., before the alleged misrepresentations and omissions were made, the "negative causation" defense bars Plaintiff's Section 11 claim as a matter of law. Because this issue is a matter of contract interpretation where all facts necessary for the determination appear on the face of the complaint or from judicially noticeable documents, this issue is a question of law that the Court may decide under a Rule 12(b)(6) motion. *Operating Engineers Pension Trust v. Charles Minor Equipment Rental, Inc.*, 766 F.2d 1301, 1303 (9th Cir. 1985); *Countrywide*, 588 F. Supp. 2d at 1171 (recognizing that a negative causation defense is fact-intensive but may be decided on a Rule 12(b)(6) motion to dismiss where the face of the complaint and/or judicially noticeable facts demonstrate the defense applies).

According to Plaintiff, on April 5, 2000, Peregrine and Harbinger entered into the merger agreement, subject to the approval of both companies' shareholders. (First Am. Compl., ¶ 67; see also

1  Vick Decl.[2] [Docket No. 2-2], Exs. A, B.) At the same time, Peregrine and certain insider Harbinger
2  shareholders, including Plaintiff, entered into a voting agreement under which each such shareholder,
3  including Plaintiff, granted Peregrine an irrevocable proxy to vote in favor of the merger with
4  Peregrine. *Id.* The agreement stated the proxy to vote Plaintiff's shares was "irrevocable to the fullest
5  extent permissible by law. . ." (Vick Decl., Ex. B.) Pursuant to these agreements, Plaintiff agreed to
6  exchange his Harbinger stock for Peregrine stock. (First Am. Compl., ¶¶ 18, 67; Vick Decl., Exs. A,
7  B..) In neither the Complaint nor his opposition to the Motion does Plaintiff allege he acquired any
8  Peregrine stock outside of the merger.

9        The date of the "sale" of the securities occurs when the parties become obligated to perform.
10 *See Radiation Dynamics, Inc. v. Goldmuntz*, 464 F.2d 876, 891 (2nd Cir. 1972); *Amoroso v.*
11 *Southwestern Drilling Multi-Rig Partnership No. 1*, 646 F. Supp. 141, 143 (N.D. Cal. 1986). For
12 purposes here, the obligation to perform is defined as "the point at which. . . there was a meeting of
13 the minds of the parties; it marks the point at which the parties obligated themselves to perform what
14 they had agreed to perform even if the formal performance of their agreement is to be after a lapse of
15 time." *See Radiation Dynamics*, 464 F.2d at 891; *Amoroso*, 646 F. Supp, at 143.

16       Plaintiff concedes he signed the proxy titled "Irrevocable Proxy" and concedes the "Irrevocable
17 Proxy" lacks language giving him a personal right to stop the merger. Nonetheless, Plaintiff argues
18 the proxy was revocable because third parties had the right to stop the merger and, in any event,
19 Plaintiff relied upon false financial statements when agreeing to the voting agreement and proxy.
20 (Opp. [Docket No. 11], pg. 9 and n. 7.) Regardless of whatever actions could have been taken by third
21 parties, both parties clearly manifested their intent to exchange stock when they entered into the voting
22 agreement and Irrevocable Proxy. No other action by the parties was required. That Plaintiff may
23 have relied upon false financial statements in making this decision, even if true, is irrelevant, as such
24 argument focuses on the merger rather than the registration statement that is the basis of a Section 11
25 claim. 15 U.S.C. § 77k(a). Accordingly, the Court finds that the date of sale/purchase of the Peregrine

---

[2] The Court may consider these documents because they were an integral part of the transaction referred to in the Complaint and upon which Plaintiff's claims are based, and Plaintiff does not dispute their authenticity. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

stock at issue here is the date the parties entered into the binding commitment to exchange stock as part of the merger, *i.e.*, April 5, 2000. Because this date precedes the date of the alleged false statements (April 25, 2000), the Court concludes that the negative causation defense bars Plaintiff's Section 11 claim.

Count II is DISMISSED. As set forth below, because no amendments can correct this deficiency, Count II is dismissed WITH PREJUDICE.

II.   **COUNT V (Section 14(a) and Rule 14a-9 Claim)**

Count V is based on alleged violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) and Rule 14a-9. Section 14(a) prohibits false or misleading statements in proxy solicitations. Causation is a necessary element. *Virgina Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1102 (1991); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 122 (9th Cir. 2000).

The parties assert the same arguments under Count V as they do above under Count II. As detailed above, the Court finds that Plaintiff entered into an irrevocable, binding commitment to acquire Peregrine stock on April 5, 2000 in connection with the merger. As this date precedes the date of the alleged false statements, i.e, April 25, 2000, the Court concludes that, based on the face of the complaint and judicially noticeable facts, Plaintiff cannot establish causation. Thus, Plaintiff's Section 14(a) claim fails to state a claim upon which relief may be granted.

Count V is DISMISSED. As set forth below, because no amendments can correct this deficiency, Count V is dismissed WITH PREJUDICE.

III.   **COUNT III (Section 10(b) and Rule 10b-5 Claim)**

Count III is based on alleged violations of Section 10(b) and Rule 10b-5. Section 10(b) prohibits, "any person . . . to use or employ . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe . . . ." 15 U.S.C. § 78j(b). Rule 10b-5, in turn, provides: (1) "it is unlawful . . . [t]o employ any device, scheme, or artifice to defraud;" (2) "it is unlawful. . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;" and (3) "it is unlawful. . . [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person . . . ." 17

C.F.R. § 240.10b-5(a), (b), (c). Unlike Section 11, Section 10(b) covers statements made not only in the registration statement or prospectus but also other documents and in oral communications. *Stac Elec.*, 89 F.3d at 1404.

This Court has previously recognized that "[t]o survive dismissal, the Complaint must allege, with respect to each Defendant: (1) a primary act; (2) falsity; (3) scienter; (4) reliance; and (5) causation." (In re Peregrine Sys. Inc., 02-cv-0870, Docket No. 614, at pg. 52.) Andersen argues Count III should be dismissed on the grounds that scienter is insufficiently pled. Plaintiff does not dispute Andersen's argument, but rather seeks leave to amend the complaint to include additional allegations to support this claim. Accordingly, Count III is DISMISSED. As set forth below, Count III is dismissed WITHOUT PREJUDICE.

## MOTION FOR LEAVE TO INTERVENE

Before addressing Plaintiff's Motion to Amend, the Court considers the motion of certain former outside directors of Peregrine who seek leave to intervene for the purpose of opposing Plaintiff's motion. [Docket No. 16.]

John J. Moores, Charles E. Noell, III, Richard Hosley, Norris van den Berg and Christopher A. Cole, former outside directors of Peregrine (the "Outside Directors") seek leave to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b). The Outside Directors seek to intervene for the limited purpose of opposing Plaintiff's Motion to Amend which seeks to add these individuals as defendants. Plaintiff filed a Statement of Non-Opposition pursuant to Civil Local Rule 7.1.f.3.a.

To intervene as a matter of right under Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede [the applicant's] ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *California ex rel. Lockyear v. United States*, 450 F.3d 436, 440 (9th Cir. 2006); *see also* Fed. R. Civ. P. 24(a)(2).

Applying Rule 24(a)(2) here, the Court finds the Motion to Intervene was timely because it was filed within the time allowed for the named defendants to oppose Plaintiff's Motion to Amend and was filed at the first relevant opportunity. The Outside Directors also have a significant protectable interest

in that they seek to oppose a motion that requests leave to add them as defendants in this case. If the Motion to Amend is granted, the Outside Directors will incur legal expenses to litigate the action, which they would not have otherwise incurred absent an order granting that motion. Moreover, the Outside Directors' interest is not adequately represented by the other parties in the action because the other parties do not have the same incentive to oppose the Motion to Amend. Therefore, the Court finds that leave to intervene is appropriate under Rule 24(a)(2). The Court does not address intervention under Rule 24(b), as that issue is now moot in light of the above finding.

The Outside Directors' Motion to Intervene [Docket No. 16] is GRANTED. The Outside Directors' opposition, supporting request for judicial notice and declaration, attached as Exhibits A, B and C to the Motion to Intervene, respectively, are deemed filed as of February 8, 2010.

## MOTION FOR LEAVE TO AMEND

The Court now turns to Plaintiff's Motion to Amend. (Docket No. 12.) Plaintiff seeks leave to: (1) more specifically allege that his commitment to acquire Peregrine stock was revocable; (2) to add new allegations of scienter against Andersen; and (3) to add the Outside Directors as defendants to Counts I, III and IV. (*Id.*) Specifically, Plaintiff seeks to add the Outside Directors as defendants to his claims for: (1) violation of Section 11 of the Securities Act (Count I); (2) violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act (Count III); and (3) violation of Section 14(a) and Rule 14a-9 of the Securities Exchange Act (Count IV). (Lynn Decl. [Docket No. 12-1], Ex. 5.)

Federal Rule of Civil Procedure 15 governs amendments of pleadings and provides, in relevant part, "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to this determination include undue delay, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, futility of amendment, and bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

First, the Court notes that, although Plaintiff initiated the case in January 2007 (Docket No. 1), the case was stayed for several months pending a Multi-District Litigation transfer to this Court, as well as resolution of certain issues in the related Peregrine class action. (See Docket Nos. 3, 5.) The stay was not lifted until December 1, 2009 (Docket No. 8), and Plaintiff filed his request for leave to amend on December 7, 2009. Under these circumstances, the Court finds Plaintiff did not unduly

delay seeking leave to amend his claims. Additionally, no previous amendments have been sought or granted by this Court. Accordingly, Plaintiff did not fail to cure his deficiencies from amendments previously allowed. There is also no evidence that Plaintiff's request is made in bad faith or that Andersen would be unduly prejudiced from amendment. The remaining issue, therefore, is whether amendment would be futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996).

### I. SECTION 11 CLAIMS (COUNT II AGAINST ANDERSEN AND PROPOSED COUNT I AGAINST THE OUTSIDE DIRECTORS)

As noted, the binding nature of Plaintiff's commitment to acquire Peregrine stock was integral to the Court's dismissal of Plaintiff's Section 11 claim. Plaintiff seeks leave to add allegations that his commitment to acquire Peregrine stock was non-binding and, thus, his Section 11 claims (i.e., Count II asserted against Andersen and Count I proposed against the Outside Directors) are not barred.

Specifically, Plaintiff seeks to add allegations that his voting agreement was revocable if the merger agreement was terminated. (Reply [Docket No. 28], pg. 5.) Plaintiff also seeks to add allegations that, in entering into the agreements, Plaintiff relied upon false representations. *Id*. However, as detailed above, the Court finds that, regardless of whatever actions could have been taken by third parties, both parties clearly manifested their intent to exchange stock when they entered into the voting agreement and Irrevocable Proxy. No other action by the parties was required. That Plaintiff may have relied upon false financial statements in making this decision, even if true, is irrelevant, as this argument focuses on the merger rather than the registration statement that is the basis of a Section 11 claim. 15 U.S.C. § 77k(a).

Because Plaintiff's proposed amendment does not cure the deficiencies of his Section 11 claims, the Court finds that amendment would be futile and, thus, denies Plaintiff leave to amend. Accordingly, Count II is dismissed with prejudice. Likewise, the Court denies Plaintiff leave to add the Outside Directors as defendants to Count I.

///

///

## II. SECTION 14(a) AND RULE 14a-9 CLAIMS (COUNT V AGAINST ANDERSEN AND PROPOSED COUNT IV AGAINST THE OUTSIDE DIRECTORS)

The binding nature of Plaintiff's commitment was also integral to the Court's dismissal of Plaintiff's Section 14(a) claims. This finding affects Count V asserted against Andersen and Count IV proposed against the Outside Directors. Plaintiff seeks to correct this deficiency by adding allegations that his commitment was nonbinding. Plaintiff proposes the same amendments for this claim as he does for his Section 11 claim listed above. For the same reasons those amendments fail to cure the deficiencies under Section 11, they fail here as well. Accordingly, the Court finds that amendment would be futile and, thus, denies Plaintiff leave to amend his Section 14(a) and Rule 14a-9 claims. Count V is, therefore, dismissed with prejudice. Likewise, Plaintiff is denied leave to add the Outside Directors as defendants to Count IV. The Court does not address the Outside Directors' argument that Plaintiff's claim is also barred for failure to sufficiently plead negligence, as that issue is now moot.

## III. SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT III)

Plaintiff seeks to add new allegations of scienter for purposes of his Section 10(b) and Rule 10b-5 claim under Count III (asserted against all defendants). Andersen and the Outside Directors oppose amendment on the grounds that this Court previously found such allegations insufficient to state a claim for relief under Rule 12(b)(6).

The Court first notes that Plaintiff is not legally bound by the Court's prior decision in the Peregrine lawsuit because Plaintiff was an unnamed plaintiff in that action. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n. 1 (9th Cir. 2000) ("[w]hen a motion is maintained against an uncertified class, only the named plaintiffs are affected by the ruling. There is no res judicata effect as to unnamed members of the purported class."); *see also Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 426 (6th Cir. 1999). Andersen and the Outside Directors have cited no authority to the contrary.

As noted, scienter is a required element of a claim under Section 10(b) and Rule 10b-5. *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1157 (9th Cir. 1996). Scienter is defined as "a mental state embracing intent to deceive, manipulate, or defraud," which includes

"recklessness." *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996) ("To establish scienter, plaintiffs must show that defendants had a mental state embracing an intent to deceive, manipulate, or defraud. Plaintiffs can establish scienter by proving either actual knowledge or recklessness."). For purposes here, allegations of scienter must be considered collectively and must be considered in light of any opposing inferences. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ___ U.S. ___, 127 S.Ct. 2499, 2509-10 (2007); *Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 940 (9th Cir. 2003).

### A.  Defendant Arthur Andersen

As to Andersen, the alleged auditor of Peregrine, "the mere publication of inaccurate accounting figures, or a failure to follow GAAP, without more, does not establish scienter. Rather, scienter requires more than a misapplication of accounting principles. The plaintiff must prove that the accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts." *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 390 (9th Cir. 2002); *see also In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994).

To support his Section 10(b) claim, Plaintiff seeks to add allegations involving (1) Andersen's former audit manager Daniel Stulac and his alleged knowledge of Peregrine's revenue recognition fraud from April 1999 to May 2002; and (2) Peregrine's alleged GAAP violations, including the use of write-offs to overstate revenue. (Reply [Docket No. 27], pgs. 5-7.) Plaintiff contends that the length of time Andersen knew of this fraud provides a strong inference of scienter that survives Rule 12(b)(6) dismissal.

This Court has previously found that the length of time a defendant knows of potential issues, compounded by other factors such as the gravity of the issues and the frequency of meetings at which the issues were discussed, sufficiently supported an inference of scienter that survived Rule 12(b)(6) dismissal. *In re Dura Pharm., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1140-41 (S.D. Cal. 2008). Applied here, the Court finds that Plaintiff's proposed amendments, including the degree of alleged specific knowledge by Andersen of the alleged false statements and alleged length of time of such knowledge, supports an inference of scienter for purposes of Section 10(b). Accordingly, the Court

finds that leave to amend Plaintiff's Section 10(b) claim would not be futile. As such, Plaintiff is granted leave to amend Count III to more specifically allege scienter.

### B. (Proposed) Defendants Outside Directors

Plaintiff also seeks leave to add the Outside Directors as defendants under his Section 10(b) claim (Count III).

To state a claim against individual board or committee members, a complaint must "allege specific contemporaneous conditions known to the [D]efendants that would strongly suggest that the [D]efendants understood that their recognition of revenues . . . would result in overstated revenues." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1091 (9th Cir. 2002); *see also Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). "General allegations of defendants' 'hands-on' management style, their interaction with other officers and employees, their attendance at meetings, and their receipt of unspecified weekly or monthly reports are [also] insufficient." *In re Daou Systems, Inc. Sec. Litig.*, 397 F.3d 704, 718 (9th Cir. 2005). Additionally, "allegations that the defendant possessed knowledge of facts that are later determined by a court to have been material, without more, is not sufficient to demonstrate that the defendant intentionally withheld those facts from, or recklessly disregarded the importance of those facts to, a company's shareholders in order to deceive, manipulate, or defraud." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d at 1260 -1261; *see also Schlifke v. Seafirst Corp.*, 866 F.2d 935, 946 (7th Cir. 1989). Rather, the Complaint must allege a Defendant both: "(1) . . . knew of the potentially material fact, and (2) . . . that failure to reveal the potentially material fact would likely mislead investors." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d at 1260-1261. In other words, "a fact [must be] so obviously material that the defendant must have been aware both of its materiality and that its non-disclosure would likely mislead investors." *Id.*

To support his Section 10(b) claim against the Outside Directors, Plaintiff alleges the Outside Directors were told of and approved management's suggestion that Peregrine change its method of revenue recognition; these directors were aware of the material effect of such change on Peregrine's financial condition; and this change was not disclosed to the public. ((Proposed) Second Am. Compl., ¶¶ 61-70, ¶¶ 212-222; First Am. Compl., ¶¶ 44-53, ¶¶ 169-179.) Plaintiff's claim appears to be based on an April 1999 internal report as well as an April 1999 Board of Directors meeting. *Id.*

1  The Court finds that these allegations are insufficient to establish scienter on the part of the Outside Directors. With respect to the internal report, the allegations do not show the Outside Directors had insider knowledge that contradicted their public statement. The allegations also fail to show that the Outside Directors could have learned of information contradicting their public statements, much less that they did actually learn such information (or that they were deliberately reckless as to the falsity of their statements). With respect to the board meeting, the allegations likewise fail to demonstrate the Outside Directors understood that the change in revenue recognition would overstate revenue or that they knew the new method was not the preferred method or that it violated GAAP. There are also no allegations identifying specific conversations, board meetings, or reports where the Outside Directors purportedly learned of the true and adverse information regarding Peregrine's fraud. The Court notes that these findings are consistent with prior findings issued by the Court in the Peregrine class action. (See In re Peregrine Sys. Inc. Sec. Litig., 02-cv-0870 BEN, Docket No. 614.)

Accordingly, the Court finds that leave to amend to add the Outside Directors as defendants to Count III (Plaintiff's Section 10(b) claim) would be futile. As such, Plaintiff is denied leave to amend to add the Outside Directors as defendants.

## CONCLUSION

In light of the above, the Court **GRANTS** Defendant Andersen's Motion to Dismiss Counts II, III and V (Docket No. 2) and **GRANTS** the Outside Directors' Motion to Intervene (Docket No. 16). The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Amend (Docket No. 12.) Specifically:

(1) Counts II and V are DISMISSED WITH PREJUDICE' Plaintiff is denied leave to amend Counts II and V;

(2) Count III is DISMISSED WITHOUT PREJUDICE; Plaintiff is granted leave to amend Count III only to correct the deficiencies outlined above;

(3) Plaintiff is denied leave to add the Outside Directors as defendants in this action; and

///

///

1     (4) Plaintiff must file his amended complaint **no later than August 9, 2010.**

2  **IT IS SO ORDERED.**

3  Date: July 18, 2010

      19

                                      Hon. Roger T. Benitez
                                      Judge, United States District Court