FILED

10 NOV -8 AM 9:08

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CA...

BY:  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILDES, individually and as Trustee for the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>ARTHUR ANDERSEN; THOMAS WATROUS, SR.; DOUGLAS S. POWANDA; AND JOHN DOE as Executor of the Estate of DAVID A. FARLEY,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 08-cv-0008- BEN (RBB)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)<br><br>[Docket No. 41] |

Currently before the Court is Plaintiff's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). (Docket No. 41.) For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

This action relates to a securities class action lawsuit against Peregrine Systems, Inc. ("Peregrine") that is also pending before the Court. Plaintiff opted out of the Peregrine class and, instead, filed this action on January 3, 2008 against Defendant Arthur Andersen and three former directors or officers of Peregrine, namely Defendants Watrous, Powanda and Farley.

1   Plaintiff originally asserted claims against Andersen based on Sections 10(b), 11 and 14 of the Exchange Act. (First Am. Compl. [Docket No. 12], pp. 59, 61, 68.) However, on July 19, 2010, the Court entered an order that, among other things, dismissed the Section 11 and 14 claims with prejudice. (Docket No. 36.) The Court also dismissed the Section 10(b) claim but granted leave to amend. (*Id.*) In response, Plaintiff filed a Second Amended Complaint that amended his Section 10(b) claim against Andersen and also filed the Motion currently before the Court. The Motion seeks entry of a final judgment on the Court's dismissal of the Section 11 and 14 claims and denial of leave to amend to add the Outside Directors as defendants to Plaintiff's Section 10(b) claim. Plaintiff filed an opposition to the Motion, and Andersen filed a reply.

For the reasons set forth below, the Court **DENIES** Plaintiff's motion for entry of final judgment. The Court notes that the parties have also fully briefed a motion to dismiss the Second Amended Complaint. That motion is addressed by a separate court order.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that the final entry of a judgment may be made on individual claims in a multi-claims suit upon an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b). In making a determination under Rule 54(b), the Court must first determine whether there exists a final judgment, meaning a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the Court must determine whether there is any just reason for delay. *Id.* at 7. The Court applies Rule 54(b) in light of the "the historic federal policy against piecemeal appeals." *Id.* at 8.

In this case, it is undisputed that the Court's July 19, 2010 ruling on Plaintiff's Section 11 and 14 claims was final and ended the litigation with respect to those claims. Accordingly, the first element under Section 54(b) is satisfied and the Court only addresses herein the second element regarding "reason for delay."

In determining whether there is any just reason for delay, "the district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Judicial administrative concerns include "whether certification would result in unnecessary

appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; [and] whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005) (citing *Curtiss-Wright*, 446 U.S. at 8). However, "claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would streamline the ensuing litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (internal citation omitted).

In this case, Plaintiff's Section 11 and 14 claims arise from the same stock acquisition and are based on the same alleged misrepresentations that form the basis of Plaintiff's Section 10(b) claim. In light of these overlapping facts, it is probable that the witnesses and documents produced during discovery will likewise overlap. With respect to the legal issues between the three claims, the Court does not find it detrimental that a Section 10(b) claim requires scienter, whereas Section 11 and 14 claims generally do not require scienter, because the other elements for the claims (*i.e.*, misrepresentation, reliance and causation) are almost identical. With respect to the Outside Directors, Plaintiff fails to cite legal or factual authority supporting his position that the scienter issue with respect to the Outside Directors is separate and independent from the scienter issue with respect to Andersen, and the Court could find none. Accordingly, the Court finds that the factual and legal issues in this case are not separate, independent or distinct from each other, and any immediate appeal would likely result in a duplication of efforts in any subsequent appeal. *See McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (denying Rule 54(b) certification because the remaining and dismissed claims arose from the same factual allegations involving alleged misrepresentations of the company's financial condition); *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (denying certification and noting, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings); *see also RD Legal Funding v. Erwin & Balingit, LLP*, 2010 WL 1416968, at *1 (S.D. Cal. April 8, 2010) (denying Rule 54(b) certification because the overlap in factual issues between an immediate appeal and later appeal would likely result in duplicative efforts); *Claver v. Coldwell Banker Residential Brokerage*,

2009 WL 1606611, at * 2 (S.D. Cal. June 8, 2009) (same).

The equities also do not weigh in favor of granting Rule 54(b) certification. In *Morrison-Knudsen*, the Ninth Circuit observed, "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen*, 655 F.2d at 965. Plaintiff argues the Court should enter a final judgment to avoid "significant duplication of pre-trial efforts and potentially the need for a second trial." (P & A, p. 6.) As noted above, however, discovery between the three claims will likely overlap, thereby reducing the potential of duplicative efforts. The Court acknowledges that it entered an order concurrently herewith that may restrict the universe of discovery in this case. However, this situation is almost always present where, as here, some claims are adjudicated before others. This is not the "unusual case" contemplated by Rule 54(b). *See Morrison-Knudsen, Co.*, 655 F.2d at 965. Additionally, these considerations are outweighed by the prejudicial delay that will likely result from an immediate appeal.[1] The Court notes that Plaintiff's claims are premised, at least in part, on alleged misconduct occurring in 1999, *i.e.*, over ten years ago. In fact, the Peregrine action (to which this action relates) has been pending in the Court for over eight years. Additionally, Andersen's accounting and auditing arm is now defunct and has been for several years. Therefore, any further delay in the case will render it that much more difficult for both parties to obtain discovery. Accordingly, the Court finds the equities do not weigh in favor of Rule 54(b) certification.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for entry of final judgment under Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Date: November _5_, 2010

Hon. Roger T. Benitez
United States District Court Judge

---

[1] Although not specified, the Motion also suggests a stay of discovery is appropriate. (P. & A., p. 6-7.) On reply, Plaintiff argues that, in the alternative, a stay of trial would be appropriate. (Reply, p. 6.)