F I L E D

10 NOV -8 AM 9: 08

CLERK, U.S. DISTRICT ...
 ...ERN DISTRICT O... ...

BY:  ⎯⎯⎯⎯⎯⎯⎯  DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILDES, individually and as Trustee for the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR ANDERSEN; THOMAS WATROUS, SR.; DOUGLAS S. POWANDA; AND JOHN DOE as Executor of the Estate of DAVID A. FARLEY,<br><br>Defendants. | CASE NO. 08-cv-0008- BEN (RBB)<br><br>ORDER DENYING DEFENDANT ARTHUR ANDERSEN'S MOTION TO DISMISS COUNT II OF SECOND AMENDED COMPLAINT<br><br>[Docket No. 51] |

Currently before the Court is Defendant Arthur Andersen's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint. (Docket No. 51.) For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

This action relates to a securities class action lawsuit against Peregrine Systems, Inc. ("Peregrine") that is also pending before the Court. Plaintiff opted out of the Peregrine class and, instead, filed this action on January 3, 2008 against Defendant Arthur Andersen and three former directors or officers of Peregrine, namely Defendants Watrous, Powanda and Farley.

The operative complaint is the Second Amended Complaint filed on August 5, 2010. (Docket No. 45.) The Second Amended Complaint asserts one count against Defendant Arthur Andersen, specifically Count II based on alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. *Id.*

On September 14, 2010, Andersen filed a motion to dismiss Count II. (Docket No. 51.) Plaintiff filed an opposition, and Andersen filed a reply. (Docket Nos. 59, 64.) The parties also fully briefed a motion filed by Plaintiff for entry of a final judgment under Federal Rule of Civil Procedure 54(b). That motion is addressed by a separate court order.

For the reasons set forth below, the Court **DENIES** Defendant Andersen's motion to dismiss.

## MOTION TO DISMISS

Defendant Andersen moves to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a legally cognizable theory under which relief may be granted. *Id.* at 556. The Court preliminarily notes that Andersen's motion is not, as Plaintiff contends, barred by Federal Rule of Civil Procedure 12(g). Ninth Circuit law permits a new motion to dismiss after the filing of a new amended complaint. *Sidebotham v. Robison*, 216 F.2d 816, 821-23 (9th Cir. 1954); *see also Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (noting that an amended complaint supersedes the original, thereby rendering the latter non-existent).

Count II asserts a claim under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. To survive Rule 12(b)(6) dismissal, a Section 10(b) claim must sufficiently allege: (1) a misrepresentation or omission (2) of material fact (3) made with scienter (4) on which the plaintiff justifiably relied (5) that proximately caused the alleged loss. *See Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999). The Supreme Court has recognized that, to state a claim under Section 10(b), a plaintiff must "state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, i.e., the defendant's intention to deceive, manipulate, or defraud." *Tellabs, Inc.*

*v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) (internal citation omitted).

Plaintiff's Section 10(b) claim in this case is based on alleged falsity in Andersen's 1999 and 2000 audit reports. (Second Am. Compl., ¶¶ 122, 129, 187.) The audit reports allegedly approved Peregrine's false financial statements for those fiscal years. (*Id.*, ¶¶ 30, 32, 121-122, 123.) Andersen asserts Count II should be dismissed because: (1) Plaintiff cannot claim reliance on the 2000 audit report, as Plaintiff entered into a binding commitment on April 5, 2000 to acquire Peregrine stock; and (2) Plaintiff fails to state a claim based on the 1999 audit report because such claim is barred by the statute of repose and, in any event, Plaintiff fails to sufficiently allege materiality, causation or scienter. The Court addresses these contentions in turn.

### I.   ANDERSEN'S 2000 AUDIT REPORT

In an order dated July 19, 2010, this Court found that, based on the allegations in Plaintiff's complaint and judicially noticeable documents, Plaintiff made a binding commitment on April 5, 2000 to exchange his Harbinger stock for Peregrine stock. (Docket No. 36, pgs. 6-7.) Andersen claims this finding bars Plaintiff from alleging he relied on the 2000 audit report (dated April 25, 2000) or that the 2000 audit report caused Plaintiff's loss.

The Ninth Circuit has recognized that the acquisition of stock before the date of the alleged misrepresentation bars a plaintiff from asserting reliance or causation under Section 10(b). *See Roberts v. Peat, Marwick, Mitchell & Co.*, 857 F.2d 646, 652 (9th Cir. 1988) (holding that the investors' irrevocable commitment to purchase stock was tantamount to a purchase of stock and, because such event occurred prior to the alleged fraud, plaintiff could not assert its Section 10(b) claim); *Williams v. Sinclair*, 529 F.2d 1383, 1389 (9th Cir. 1975) (holding that parties who purchased stock prior to issuance of a false prospectus could not maintain a claim under Section 10(b)); *Raschio v. Sinclair*, 486 F.2d 1029, 1039 (9th Cir. 1973) (same). Here, as previously explained by the Court in the July 19, 2010 order, it is clear that Plaintiff acquired his stock before the April 25, 2000 audit report. That Plaintiff did not have actual possession of the stock at the time in question but rather entered into a binding commitment to acquire the stock is not, as Plaintiff contends, a meaningful distinction. *See, e.g., Roberts*, 857 F.2d at 652. The parties clearly manifested their intent to exchange stock when they entered into the voting agreement and irrevocable proxy. No other action by the

parties was required. As this binding commitment occurred on April 5, 2000, *i.e.*, before the allegedly false April 25, 2000 audit report, Plaintiff cannot allege that he relied on the audit report or that such reliance caused injury for purposes of Section 10(b). Accordingly, the Court finds that Plaintiff cannot state a claim for relief under Section 10(b) based on the 2000 audit report. However, this does not end the inquiry, as only one basis of Plaintiff's Section 10(b) claim need be sufficient to survive 12(b)(6) dismissal. *Twombly*, 550 U.S. at 555-57.

## II. ANDERSEN'S 1999 AUDIT REPORT

Plaintiff's Section 10(b) claim is also based on an allegedly false audit report published on June 29, 1999. (Second Am. Compl., ¶¶ 121-128, 187.) Andersen contends this claim must be dismissed because any claim based on the 1999 report is barred by the statute of repose and, in any event, Plaintiff fails to sufficiently allege materiality, causation or scienter for purposes of Section 10(b).

### A. Statute of Repose

Plaintiff's Section 10(b) claim is subject to a three-year statute of repose.[1] *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991). This three-year limit on actions, however, is subject to tolling where, for example, a class action was filed before the expiration of the repose period. More specifically, the class action tolling doctrine tolls the limitations period until the date on which it is determined in the district court that a class action will not proceed, *i.e.*, when class certification is denied. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 561 (1974).

The Peregrine class action was a consolidated class action that included, among other actions, *Camarillo v. Peregrine Sys., Inc.*, Case No. 02-cv-1168 (S.D. Cal. filed June 13, 2002) and *Voth v. Peregrine Sys., Inc.*, Case No. 02-cv-1238 (S.D. Cal. filed June 24, 2002). The *Camarillo* and *Voth* actions both alleged misrepresentation based, in part, on Andersen's 1999 audit report. (Lynn Decl.

---

[1] This three-year period was later extended to five years as part of the Sarbanes-Oxley Act that became effective on July 20, 2002. Unlike other circuits, the Ninth Circuit has specifically refrained from determining whether the Act lengthens the repose period for claims that expired prior to the Act's passage. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005), compare with *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 196 (3rd Cir. 2007) (holding that if the three-year period expired prior to the passage of the Act, the Act does not lengthen the limitations period). This Court need not determine that issue here, however, because regardless of which period applies, the result stated herein would be the same, as the various, relevant class actions in this case were filed prior to the expiration of the three-year period.

[Docket No. 59], Ex. 1 [*Camarillo* Compl.] at ¶¶ 24, 87-88, 129, and Ex. 2 [*Voth* Compl.] at ¶¶ 26, 90-91, 158). Both of these actions were filed prior to the expiration of the three-year statute of repose on June 29, 2002[2] and, therefore, tolled the limitations period on Plaintiff's 1999 claim in this case.

However, the *Camarillo* and *Voth* complaints were later superseded by the consolidated class action complaints in Peregrine. Although the consolidated class action complaints named Andersen as a defendant and alleged misconduct by Andersen relating to the audit reports, the complaints did not specifically refer to Andersen's 1999 audit report, but rather specifically referred to the 2000 and 2001 audit reports as fraudulent. (Vick Decl. [Docket No. 51], Ex. 7 at ¶¶ 240-266, and Ex. 8 at ¶¶ 397-455.) The consolidated class action complaints did, on the other hand, allege misrepresentation in Peregrine's 1999 10-k that incorporated Andersen's 1999 audit report. (Vick Decl. [Docket No. 51], Ex. 7 at ¶¶ 132-33, and Ex. 8 at ¶¶ 84-85.) The issue is now whether these allegations are sufficient to continue the tolling. The Court answers yes.

Where, as here, an amended complaint does not introduce a new cause of action or substantially change the cause of action, but merely restates in a different form the cause of action originally pleaded, it relates back to the commencement of the action. Fed. R. Civ. P. 15(c); *F.D.I.C. v. Jackson*, 133 F.3d 694 (9th Cir. 1998). "In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim." *Gelling v. Dean (In re Dean)*, 11 B.R. 542, 545 (9th Cir. BAP 1981), *aff'd*, 687 F.2d 307 (9th Cir. 1982). In this case, the original *Camarillo* and *Voth* complaints contain all of the relevant allegations against Andersen later restated in the consolidated class action complaint and amendments thereto. Although the subsequent pleadings may not have been as specific with respect to the 1999 audit report, they were sufficient to put Andersen on notice of the claims against it. *Williams* is inapposite because, unlike the plaintiffs in that case, Plaintiff in this case is not adding new causes of action. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008).

---

[2] Both parties acknowledge that the limitations period on the 1999 audit report commenced no later than June 29, 1999. (P&A, p. 19; Opp., p. 11.) Accordingly, the three-year period expired on June 29, 2002.

As Plaintiff initiated this action before the Court determined whether class certification should be granted in the consolidated Peregrine action, the Court finds that Plaintiff's claim based on the 1999 audit report was tolled by the class action tolling doctrine and, thus, is not barred by the statute of repose.

### B. Materiality

Andersen argues Plaintiff's 1999 claim fails to adequately allege materiality.

The Ninth Circuit has explained that a plaintiff "must allege enough information so that 'a court can discern whether the alleged GAAP violations were minor or technical in nature, or whether they constituted widespread and significant inflation of revenue." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1017 (9th Cir. 2005) (quoting *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1273 (N.D. Cal. 2000)).

Plaintiff's 10(b) claim in this case alleges that the 1999 audit report approved an improper revenue recognition method (specifically, the sell-in method) that resulted in dramatic increases in posted revenue, for example: a more than 100% increase in channel sales and 129% increase in overall revenue for the fourth quarter, and a 123% increase in overall revenue for the full year. (Second Am. Compl., ¶¶ 32-34, 50, 60.) Plaintiff also identifies one of the transactions that resulted in these changes: "a channel transaction with IBM Global Services." (*Id.* at ¶ 57.) This is not, as Andersen contends, a case where Plaintiff fails to provide any allegations regarding the magnitude of the alleged misconduct. That Plaintiff included specific dollar amounts for the 2000 and 2001 years (*id.* at ¶¶ 16, 169) but only percentages for 1999 is not dispositive, as the allegations are sufficient to show that the alleged violations were not minor or technical. *See Daou*, 411 F.3d at 1016-17 (holding a plaintiff need not allege the particular dollar amount by which revenues and earnings are overstated, but rather need only include approximate amounts that show the violations were not minor or technical). Accordingly, Andersen's motion to dismiss on this ground is denied.

### C. Causation

Andersen next argues Plaintiff fails to adequately allege causation.

The causation requirement "may be satisfied by alleging (1) that the plaintiff paid an artificially inflated price for the company's stock and (2) that the stock price fell 'after the truth became known'

regarding the defendant's misrepresentations." *Backe v. Novatel Wireless, Inc.*, 642 F. Supp. 2d 1169 (S.D. Cal. 2009) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Plaintiff here alleges he agreed to acquire Peregrine stock based, in part, on the 1999 audit report that approved Peregrine's improper revenue recognition and that Peregrine's stock crashed after the truth regarding Peregrine's improper revenue recognition became known. Andersen emphasizes that only Peregrine's 2000 and 2001 statements, not the 1999 statements, were restated; therefore, there was never a time that the "truth became known" about the 1999 audit report. That the market may have first learned of the alleged misrepresentations in the 2000 or 2001 reports, rather than the 1999 report, is not dispositive, as Plaintiff has alleged that the 1999 report likewise included the misrepresented revenue recognitions and such misrepresentations, when generally made known to the public, resulted in a decline in stock price. (Second Am. Compl., ¶¶ 182-191.) These allegations are sufficient to raise a reasonable expectation that discovery will reveal evidence establishing loss causation. *Dura*, 544 U.S. at 344 (noting that Section 10(b) liability attaches when the true facts about the misrepresentation become generally known and, as a result, share values depreciate); *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). Accordingly, Andersen's motion to dismiss on this ground is denied.

### D. Scienter

Andersen next contends Count II fails to satisfy the particularity requirement for scienter for Section 10(b) liability.

Scienter may be pled by reference to circumstantial evidence. *See In re Peoplesoft Sec. Litig.*, 2000 WL 1737936, *3 (N.D. Cal. May 25, 2000). However, a plaintiff must plead with "particularity" by providing all facts forming the basis of plaintiff's belief in great detail. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1230 (9th Cir. 2004); *see also* 15 U.S.C. § 78u-4(b)(2). This inquiry "is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs,* 551 U.S. at 323.

To plead scienter based on GAAP violations, a plaintiff must allege facts showing that: "(1) specific accounting decisions were improper; and (2) the defendants knew specific facts at the time

that rendered their accounting determinations fraudulent." *Morgan v. AXT, Inc.*, 2005 WL 2347125, * 14 (N.D. Cal. September 23, 2005) (citing *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 390-91 (9th Cir. 2001)). Here, the Second Amended Complaint includes allegations that Andersen's former audit manager Daniel Stulac knew of and participated in Peregrine's revenue recognition fraud from April 1999 to May 2002. (Second Am. Compl., ¶¶ 33-38.) The Second Amended Complaint also specifies the accounting decisions that were improper. *Id.* As this Court has previously recognized, the length of time a defendant knows of potential issues, compounded by other factors such as the gravity of the issues and the frequency of meetings at which the issues were discussed, are sufficient to support an inference of scienter for purposes of Rule 12(b)(6). *In re Dura Pharm., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1140-41 (S.D. Cal. 2008). When viewed collectively, the Court finds that Plaintiff's scienter allegations, including the degree of alleged specific knowledge and alleged length of time of such knowledge, raise a sufficient inference of scienter to survive 12(b)(6) dismissal.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant Arthur Andersen's motion to dismiss Count II of Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**

Date: November 5, 2010

Hon. Roger T. Benitez
United States District Court Judge