FILED

14 APR 16 PM 3:36

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILDES, Individually and as Trustee of the DAVID AND KATHLEEN HILDES 1999 CHARITABLE REMAINDER UNITRUST DATED JUNE 25, 1999,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR ANDERSEN LLP; et al.,<br><br>Defendants. | CASE NO. 08-CV-0008 BEN (RBB)<br><br>**ORDER DENYING MOTION FOR SUGGESTION OF REMAND**<br><br>[Docket No. 105] |

Presently before this Court is Plaintiff's Motion for Suggestion of Remand to the District of New Jersey. (Docket No. 105.) For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

The background and procedural history of this case are familiar to both the parties and the Court. This action was originally filed in the District of New Jersey against Defendants Arthur Andersen LLP, Thomas G. Watrous, and others, on January 24, 2007. The parties jointly moved to transfer the case to this District for consolidated pretrial proceedings with the related class action, *In Re Peregrine Systems, Inc.*, Case No. 02-cv-870, which was pending in this District at that time. In January 2008, the Judicial Panel for Multidistrict Litigation ("MDL Panel") granted the parties' motion, creating MDL No. 1889. The MDL Panel found that "[c]entralization under Section

1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." (Docket No. 1.) In addition, the MDL Panel found that this District was an appropriate transferee district because "(1) 34 of the 35 actions are already pending there, (2) relevant documents and witnesses are likely in proximity to Peregrine Systems, Inc.'s former headquarters in San Diego, California, and (3) the Section 1407 motion proposing selection of this district is unopposed." (*Id.*)

Presently before the Court is Hildes's motion for suggestion of remand of this action to the District of New Jersey pursuant to Rule 7.6(c)(ii) of the Judicial Panel on Multidistrict Litigation's Rules of Procedure and 28 U.S.C. § 1407. On December 9, 2013, a hearing on the Motion to Remand was held. Outside Directors John J. Moores, Charles E. Noell, III, Richard Hosley, Norris van den Berg, and Christopher A. Cole were granted leave to intervene in this action for the limited purposes of: (1) participating in the December 9, 2013 hearing on Hildes's Motion to Remand; and (2) opposing Hildes's Motion to Remand. The Court granted the parties leave to file supplemental briefing on the Motion to Remand. The Outside Directors filed a supplemental opposition to the Motion to Remand. Limited Intervenor Christopher A. Cole also filed a supplemental opposition, as well as joined in the Outside Directors' supplemental opposition. Plaintiff filed a supplemental reply.

## DISCUSSION

Only the MDL Panel has the power to remand a case that has been transferred for consolidated pretrial proceedings. *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999) (citing 28 U.S.C. § 1407(a)). The MDL Panel will remand an action to the transferor court upon: (1) a suggestion of remand by the transferee court; (2) the MDL Panel's own initiative; or (3) the motion of any party. 28 U.S.C. § 1407; Rule 10.1, J.P.M.L. Rules of Procedure, 277 F.R.D. 480 (2011). However, "the Panel is reluctant to order a remand absent the suggestion of the transferee judge." Rule 10.3, J.P.M.L. Rules of Procedure.

The MDL Panel will "remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978). "Once a transfer order is entered by the Panel, a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994).

The Court declines to suggest remand of this action to the District of New Jersey. This Court is familiar with the factual and legal issues at issue in this case, which would make remanding the action at this stage of the proceedings inefficient and a waste of judicial resources. "[A] key principle of the multi-district scheme involves the accrual of judicial expertise. It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goals of judicial economy. . . . [T]o remand [plaintiffs' remaining claims] at this point would require another court to make its own way up this same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid." *In re Integrated Res., Inc.*, MDL No. 897, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995); *see also Wang v. Bear Stearns Cos., Inc.*, 11 Civ. 5643, 2013 WL 3479507, at *3 (S.D.N.Y. July 10, 2013) (denying motion for suggestion of remand because "the Court has accrued significant familiarity with complex factual and legal issues that are relevant not only to the Securities Action, but also to the opt-out actions—including that of Plaintiff").

Here, this Court has overseen litigation since 2004 relating to Peregrine's financial statements, has issued over 260 pages of substantive orders, has overseen and approved the settlement of putative class claims against numerous defendants, and has issued two substantive decisions regarding Hildes's claims. The orders that this Court has previously issued analyzed the same key documents—including the quarterly

reports to Peregrine's Board of Directors—that will likely be at issue in the motion for summary judgment to dispose of this action based on a due diligence defense that the Outside Directors plan to file.

Hildes argues that this Court's familiarity with this case should be given less weight because a significant period of time has elapsed since this Court has actively worked on this case. Specifically, this action has been on hold for over two years during Hildes's appeal, while *In Re Peregrine Systems, Inc.* has been closed for approximately three years. Moreover, Hildes argues that many of the Court's orders in *In Re Peregrine Systems, Inc.* addressed whether the class plaintiffs had adequately pled scienter under Section 10(b) of the 1934 Act, while scienter is not at issue here because it is not an element under Section 11 of the 1933 Act. In addition, Hildes argues that a significant issue in this action will be whether the Outside Directors are able to establish an affirmative defense of due diligence, an issue which has not been previously litigated in this Court. Nonetheless, the Court finds that it is familiar with the underlying factual and legal issues at issue in this case, and this familiarity will assist the Court in supervising any discovery that may take place and ruling on any substantive motions that may be filed.

In addition, the Court finds that the location of relevant documents and witnesses is neutral, as the majority of the relevant documents and witnesses are located outside of both this District and the District of New Jersey. In regards to relevant documents, Peregrine's files are now owned by Hewlett-Packard Company ("HP"), which bought Peregrine in 2005. (Lynn Decl. [Docket No. 111-1] ¶ 5 & Exh. D.) When Hildes subpoenaed certain Peregrine documents, HP informed Hildes that Peregrine's documents are in the custody of a third-party vendor, Iron Mountain. (*Id.*) The HP attorneys and paralegals supervising the production are located in Palo Alto, California, and in Plano, Texas. (*Id.*)

Moreover, Arthur Andersen, which served as Peregrine's auditor when the false registration statement was issued, is located in Chicago, Illinois, as are its documents.

(*Id.* ¶ 6.) PricewaterhouseCoopers LLP, which replaced Arthur Andersen as Peregrine's auditor after the disclosure of the fraud, produced documents on DVDs from its offices in San Francisco in connection with discovery on the claim against Arthur Andersen. (*Id.* ¶ 7 & Exh. E.)

In regards to relevant witnesses, Hildes lives in New Jersey. (*Id.* ¶ 10.) None of the Outside Directors reside in California. Moores and Cole live in Austin, Texas; Hosley lives near Houston, Texas; Noell lives in Baltimore, Maryland; and van den Berg lives in Lake Tahoe, Nevada. (*See id.* ¶¶ 12-16 & Exhs. F-J.) Defendant Thomas G. Watrous lives in Phoenix, Arizona. (*Id.* ¶ 17.)

In addition, many potential third-party witnesses are located outside of San Diego. Two former Peregrine employees who were alleged to be involved in the revenue recognition fraud—Matthew Gless, CFO, and Douglas Powanda, Executive Vice President for Worldwide Sales—are in prison in Long Beach, California, and San Antonio, Texas, respectively. (*Id.* ¶ 21.) Daniel Stulac, Arthur Andersen's audit manager and then engagement partner on the Peregrine audit, lives in Milwaukee, Wisconsin. (*Id.* ¶ 19.) Furthermore, Hildes is likely to take discovery from former Harbinger officers and directors in relation to the Outside Directors' claim that the false statements in the registration statement did not cause Hildes's loss because of his prior entry into a voting agreement and proxy. Because Harbinger was formerly located in Atlanta, Georgia, these witnesses are unlikely to be located in San Diego. (*Id.* ¶ 22.)

The Outside Directors argue that the majority of witnesses are located in Southern California. In support of this argument, they present a list of fact witnesses who testified at deposition or at trial in related cases. (Olivar Decl. [Docket No. 119] ¶¶ 9-77.) This list includes Peregrine's current or former employees, Peregrine's outside directors, employees of Peregrine's auditors Arthur Andersen or KPMG, Peregrine's and Arthur Andersen's outside counsel, Peregrine's bankers, employees of Peregrine's customers involved in its revenue recognition, and Harbinger Corporation's employees. Of these 68 fact witnesses, over 52% are located in Southern California.

1  (*Id.* ¶ 8.) These related cases, however, involved different defendants, claims, and time
2  periods, meaning that these witnesses have less relevance to the present action than the
3  witnesses identified above. Accordingly, the Court does not give the location of these
4  witnesses as much weight as it gives to those identified above.

5        Hildes's arguments in support of its Motion for Suggestion of Remand are not
6  convincing. First, Hildes argues that this action should be remanded because there are
7  no longer any other pending cases in MDL No. 1889 with which to coordinate pretrial
8  proceedings in this District, meaning that there is no longer a basis for an MDL
9  proceeding. However, "[t]he mere fact that all other cases in a consolidated litigation
10 have been terminated does not constitute 'good cause' [for remand] as required by the
11 prior decisions of the Panel." *In re Integrated Res., Inc.*, 1995 WL 234975, at *4; *see
12 also Columbia Broad. Sys. v. Zenith Radio Corp. (In re CBS Color Tube Patent Litig.)*,
13 342 F. Supp. 1403, 1404 (J.P.M.L. 1972) (denying motion for remand because the
14 court was "not convinced by defendants' arguments that an action, in which discovery
15 is not yet completed, should be remanded simply because all other consolidated cases
16 in the transferee court have been dismissed or terminated in some way").

17       Second, Hildes argues that remanding this action will allow the transferor judge
18 to familiarize him or herself with the case prior to when the case is remanded for trial,
19 therefore conserving judicial resources. However, that multidistrict litigation will be
20 transferred back to the transferor court for trial after pretrial proceedings have taken
21 place in the transferee court is foreseen by § 1407. *See* 28 U.S.C. § 1407 ("Each action
22 so transferred shall be remanded by the panel at or before the conclusion of such
23 pretrial proceedings to the district from which it was transferred unless it shall have
24 been previously terminated."); *Lexecon Inc. v. Milberg Weiss Bershad Hynes &
25 Lerach*, 523 U.S. 26, 40 (1998). By itself, this does not constitute good cause for
26 remanding an action to the transferor court before the pretrial proceedings have
27 concluded.

28       Third, Hildes argues that litigating in this District imposes unnecessary costs on

him, because he resides in the District of New Jersey and must retain local counsel in California. Any costs Hildes may incur by litigating in this District, however, is outweighed by the extra cost a transfer to New Jersey would impose on the remaining defendants, each of whom have counsel located in California and would need to obtain local counsel in New Jersey. (Olivar Decl. [Docket No. 119] ¶¶ 2-5, 78-79; Anderson Decl. [Docket No. 117-1] ¶¶ 4-11, 17-20; Gibbs Decl. [Docket No. 118-1] ¶¶ 2-4.)

Accordingly, the Court declines to suggest remand of this action to the District of New Jersey.[1]

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Suggestion of Remand to the District of New Jersey is **DENIED**.

**IT IS SO ORDERED**.

Date: 4/16/14

HON. ROGER T. BENITEZ
United States District Judge

---

[1] The Outside Directors suggest that Hildes moves for a suggestion of remand because he is dissatisfied with this Court's previously issued substantive pretrial rulings. The Court, however, will not speculate as to Hildes's motivations for bringing the motion.